DUNLAP, J.
Plaintiff’s petition recites that plaintiff is the owner as trustee of certain real estate described in the petition located in part on East 140th street, in part on East 141st street and in part on East 143d street; also the passage of three ordinances by the city of Cleveland, one of the defendants herein, to wit: “An ordinance determining to proceed with the improvement of East 140th street,” “An ordinance determining to proceed with the improvement of east 141st street,” and “An ordinance determining to proceed with the improvement of east 143d street,” copies of which containing their respective dates of *568 passage are fully set out; said ordinances respectively fixing October 1, 1916, November 1, 1916, and November 1, 1916, as the date for the. payment of the assessment for said improvements, and reciting that bonds or notes of the city of Cleveland shall be issued in anticipation of the collection of assessments by installments. .The petition recites that said ordinances were approved by the mayor on the following dates respectively: September 4,' 1916, October 19, 1916, and October 19, 1916, and that they became effective respectively, October 22, 1916, November 26, 1916, and November 26, 1916. It then cites the amount .of the assessments levied on each lot by virtue of these different ordinances, and that bonds or notes of the city of Cleveland have been issued in anticipation of the collection of said assessments and that after the second Monday in September of the year 1916, the city of Cleveland by its clerk of council caused to be certified to the auditor of the county said assessments, stating the times of payment and the amounts thereof as fixed, by said ordinances, including five per cent, increased interest charges. The petition then charges that all of said ordinances are unconstitutional, illegal and void, in that they authorize a taking of property without due process of law, because each provides that interest at the rate of five per cent, payable annually in advance should be added and collected, unless the total amount of each assessment be paid on or before the date fixed for said payment in said ordinances which date by the ordinances is earlier than the date at which the ordinances become effective, thereby as it is claimed attempting to require the plaintiff either to pay an assessment not then lawfully imposed, or in default of such payment to suffer a penalty of five per cent, interest payable annually in advance after such default. Claim is then made that the action of the city of Cleveland in certifying and of the defendant Zangerle as auditor in accepting certification placing the assessment upon the county tax list was illegal and void, in that the same was not done prior to the second Monday of September of the year 1916; that in spite of such illegality the said auditor has placed all of said assessments as certified upon the tax list of the county; that the first half of the first installment thereof was due and pay *569 able January 20, 1917; and is now delinquent, and that the second half thereof will become due and payable July 20, 1917, after which it will be delinquent, and that the defendant O’Brien as treasurer will, unless restrained, collect said assessments which are now due and add penalties, etc.; that all of said assessments constitute a lien and incumbrance on plaintiffs’ property to his irreparable injury and that he has no adequate remedy at law. An injunction is prayed for and an order requiring the cancellation of said assessments upon the tax records. An amended and supplemental petition is also filed which, while not changing the allegations of the first petition, adds to it the allegation that the plaintiff in its capacity as trustee deeded many lots during the year 1916 to various grantees, covenanting that said properties were free and clear of all incumbrances except taxes and assessments for the year 3916, which taxes and assessments the plaintiff agreed to pay, and that it will be required to pay some $23,000 which it had not contemplated paying unless the defendants are restrained and the taxes canceled, etc.
The city of Cleveland being the only real party in interest alone answers, admitting many of the allegations' of the petition but denying the unconstitutionality and illegality of any of its acts and alleging that all of the proceedings were in accordance with the charter of the city of Cleveland and the laws of the state of Ohio, setting out the sections of the charter deemed appropriate and the proceedings had thereunder.
The case was tried upon an agreed statement of facts, fully sustaining all the allegations of both of the petitions and the, answer, which we regard as material in the determination of this ease, and also the following statement not contained in any of the pleadings:
“That the custom and practice is and has been in Cuyahoga county that assessments levied and certified to by officials of the city of Cleveland have been and are received each year for collection by the auditor after the second Monday in September, until such time as it is no longer possible because of bookkeeping necessities to include such assessments in the tax duplicate as made up for each year, and that in placing the as *570 sessment in this ease on the tax duplicate- for 1916 the city and county officials acted in accordance with such established custom. ’ ’
The plaintiff contends for a judgment on its behalf upon two main grounds or reasons, first, “that the certification not being made on the date required by statute failed to charge the properties with any lien such as could be enforced by the county treasurer by proceedings for the collection of taxes or assessments,” and, second, “that the ordinances themselves are invalid because they impose a penalty for failure to pay on or before a date when payments could lawfully be demanded.”
The case is important both on account of the amount involved and for the reason that future bond issues for the improvement of city streets must be largely controlled by a correct decision of this case.
The first question to be considered is whether in the certification of the clerk of the council to the county auditor he must follow the provisions of Sec. 3892 6. C. as contended for by plaintiffs' counsel, which provides:
“When any special assessment is made, has been confirmed' by council, and bonds, notes or certificates of indebtedness are issued in anticipation of the collection thereof the clerk of council on or before the second Monday in September, each year, shall certify such assessment to the county auditor stating the amounts, and the time of payment. The county auditor shall place the assessment upon the tax list in accordancé therewith, and the county treasurer shall collect it in the same manner as other taxes are collected. ” * * *
Or is it proper for him to certify as provided for in See. 3905 G. C. as contended for by defendants’ counsel, which section is as follows i
“The council may order the clerk or other proper officer of the corporation to certify any unpaid assessment or tax to the auditor of the county in which the corporation is situated, and the amount of such assessment or tax so certified, shall be placed upon the tax-list by the county auditor, and shall, with ten per cent, penalty to cover interest and cost of collection, be collected with and in the same manner as state and county taxes, and *571 credited to the .corporation. Such ten per cent, penalty shall in no case be added unless at least thirty days intervene between the date of the publication of the ordinance making the levy and the time of certifying it to the county auditor for collection.”
Or is it essential that either of these two sections be strictly complied with? The plaintiff prays to be relieved of the payment of the first installment of this assessment not for any illegality or informality in the levying of the same (except as we shall hereinafter note) but because of irregularity in the certification of the same to the county auditor.- Our statutes relating to this subject of certification .are somewhat confusing and perhaps inconsistent, and if the validity of assessments depended upon the actual compliance with the law relating to the certification we doubt if many valid assessments of property could be found. Indeed, the certification is not necessary at all. Municipalities are very much a law unto themselves. They have the power to levy an assessment and the power to collect the same wholly independent of the county auditor and county treasurer’s offices. From the very nature of things their action with regard to certification is a sort of private matter. It does not concern us much as to just what agencies the city uses to collect a valid assessment, but the legislature of the state did see fit to legislate upon this subject. In a way it tendered to the cities of the state the services of the county auditor and treasurer. Some municipalities accept these services fully as is apparently done by the city of Cleveland; some do not. We are informed that Cincinnati, for instance, collects its own assessments through the city treasurer, and only certifies to the county auditor such installments of the assessments as are delinquent. There is no doubt but that it does not need to certify even these delinquent installments for the same may be collected by suit at law just the same as any other debt.
With this simple understanding of the matter in our minds it becomes apparent that the statutes with regard to certification are permissive merely. At most only directory. Of course if they are to be used they should be followed but the failure to observe them to the letter does not give the property owner *572 whose property has.been assessed the opportunity to destroy the assessments. Such a procedure would not be the direct attack which the law requires in such matters, but would be at best a collateral attack to which the law is most unfavorable. The proper method to make officials perform their duties according to statutes is by the action in mandamus. We are not therefore deeply concerned as to which one of the two Secs. 3892 and 3905 G. C. furnish the proper rule for certification. A contention of this kind can only becloud the real issue and tends to make us lose sight of the real questions in our zealous adherence to the merits of the one or the other section. Through all the fog thus raised we must keep in view the main question, “Can cities levy assessments? They can. How do they do it? By the proper action of their councils. When are these assessments payable ? At the time mentioned in the ordinance. Where are .they payable? To the city treasurer. What is the function of the auditor and treasurer of the county in such cases ? They are at most simply the agencies afforded by the legislature to municipalities for the speedy, effectual collection of these assessments. The answers to these questions clear away the fog. There is no longer any mystery. We see the process clearly; a lawful ordinance is passed levying an assessment; the amount of this assessment becomes a lien; a time is fixed for the payment; that time is in the instant case under one ordinance October 1, 1916, and under the other two ordinances November 1, 1916. The obligations on the part of the defendant property holders concerned to pay at that , time is complete and binding. Even if we took a narrow view of the situation and enjoined the county treasurer from collecting on the ground of faulty certification .there would remain the binding obligation to pay the city treasurer. The supplemental petition states that the plaintiff is largely interested because it has sold lots assessed by this ordinance with the agreement that it would pay any installment of any assessment falling due in 1916. For its information with regard to the assessments it was its duty to look to the proper authorities of the city of Cleveland. The law is plain and-clear that such assessments are payable at the time fixed by the ordinance levying the same.
*573 It is complained of in tlie petition, though not strongly insisted upon in the brief, that the ordinances are invalid because the due date or date when the assessment was payable was fixed at a date prior to the date at which the ordinance became effective. Under the eitjr charter ordinances do not go into effect until forty days after their passage. Until the forty days are up they are subject to a referendum. In the absence of such a thing they immediately become effective. Strictly speaking this means that the whole ordinance as written goes into effect which of necessity includes the effectiveness of said due date. Such an ordinance while revealing an apparent inconsistency is not rendered thereby void. If it is an irregularity, we think it plainly falls within the provisions of Sec. 3911 G-. C. which provides that:
“Proceedings with respect to improvements shall be liberally construed by the councils and courts, to secure a speedy completion of the work, at reasonable cost, and the speedy collection of the assessment after the time has elapsed for its payment,. and merely formal objections shall be disregarded, but the proceedings shall be strictly construed in favor of the owner of the property assessed or injured; as to the limitations on assessment of private property, and compensation for damages sustained. ’ ’
And in this view we are upheld by the decision in the case of Bolton v. Cleveland, 35 Ohio St. 319, the second paragraph or the syllabus of which is as follows:
“By an assessing ordinance, passed by the city council of the city of Cleveland, on the 31st day of July, 1866, under authority of the act of May 3, 1852, the abutting lot owners were required to pay the assessment on the 28th day of the same month: Held: that the defect in the ordinance was within the curative provisions of Sec. 31 of said act. ’ ’
In that case the curative provision was not as strong as we read it as the present curative section of the code quoted above.
This consideration practically disposes of all the claims of counsel in the case.
The additional claim that the ordinance is invalid because a penalty of five per cent, is imposed from the due date we regard as not well taken, because the five per cent, is not a penalty *574 but is a provision of the ordinance providing the rate of interest such assessment shall bear after the time that it is due or payable. It is an essential part of such ordinances. Without it the fund raised by the assessment would be insufficient to meet the bonds as they fall due. There being then no penalty there is no ground for the claim “that the ordinances are invalid because they impose a penalty for failure to pay on or before a date when payments could lawfully be demanded.”
The plaintiff in this case had every facility for complete knowledge of the probable action of the city council long before that action was taken. After the passage of the preliminary resolutions, but early in the year 1916, certain notices required by law to be served on the property owners interested were served upon it. These notices were to the effect that objections to the improvement would be heard by the proper authorities. The plaintiff remained silent, thus tacitly consenting to the improvement. It had ample means of thus knowing that an assessment would probably be levied payable before the end of the year. If with this information it saw fit to warrant in its deeds to purchasers of lots in the manner set out above, we think it has no ground to complain. It took its chance, and we are of the opinion that this court can grant no relief.
Judgment is entered for the defendants and the petition is dismissed at plaintiff’s cost.
Grant, J., concurs.
Leighley, J., concurs in judgment.